UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          'O'   JS-6

| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
|---|---|---|---|
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |
| | Bankruptcy No.: 1:15-bk-11118-MT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (IN CHAMBERS) - APPEAL FROM BANKRUPTCY COURT (filed September 17, 2015)

APPELLANT'S MOTION FOR STAY OF BANKRUPTCY COURT ORDER CONVERTING CASE FROM CHAPTER 11 TO CHAPTER 7 (Dkt. 14, filed December 31, 2015).

The Court finds this appeal appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I.    INTRODUCTION & BACKGROUND

On April 1, 2015, appellant Salubrious Pharmaceuticals filed a petition in the United States Bankruptcy Court for the Central District of California seeking relief under Chapter 11 of the United States Bankruptcy Code. Brief for Appellant, Ex. A. On July 20, 2015, appellee John Sweeney, a creditor in appellant's bankruptcy, filed a motion to compel conversion of this case to a proceeding pursuant to Chapter 7 of the United States Bankruptcy Code. Id., Ex. D. The bankruptcy court held oral argument on August 13, 2015, id., Ex. G, and granted the motion to convert on September 8, 2015, id.

Appellant filed an appeal of that decision on September 17, 2015. Dkt. 1. Appellant filed an opening brief on November 4, 2015, Dkt. No. 8. On March 11, 2014, appellee filed his brief in opposition, Dkt. 11, and on December 2, 2015, appellant filed a reply brief, Dkt. 13.[1]

---

[1] On December 31, 2015, appellant filed a motion requesting that the Court stay the order of the bankruptcy court's order converting this case to Chapter 7 pending the resolution of this appeal. Dkt. 14. However, for the reasons stated *infra*, the Court has determined to affirm the order of the bankruptcy court. Accordingly, there is no basis for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

George Nelson ("Nelson") founded Salubrious Pharmaceuticals, LLC ("Appellant"), in 2008, as a business hoping to market a new treatment for certain "auto-immune diseases." Brief for Appellant at 16. In or around December, 2009, Nelson claims to have retained attorney John E. Sweeney ("Appellee") to represent Salubrious in exchange for a 5% ownership interest in the company. Id. at 17. In the ensuing years, appellant was unable to secure a patent in the United States for his treatment, in large part due to its inability to conduct the necessary clinical trials. Mot. to Compel Conversion at 3.

With no patent to monetize its intellectual property, and therefore no funds to satisfy its creditors and investors, appellant filed for Chapter 11 bankruptcy protection on April 1, 2015. Brief for Appellant, Ex. A. Subsequently, appellee Sweeney became one of the creditors participating in the bankruptcy action. Id.

## II.   LEGAL STANDARD

Ordinarily, appeals from orders of bankruptcy courts are heard by a bankruptcy appeals panel, but any party to the appeal may elect instead to have such appeal heard by the district court. 28 U.S.C. § 158(c)(1). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district courts. . . ." 28 U.S.C. § 158(c)(2). A district court "acts as an appellate court" and therefore applies the same standards of review. In re Daniels-Head & Assoc., 819 F.2d 914, 918 (9th Cir. 1987). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy court's interpretations of law are reviewed de novo and its factual findings are reviewed for clear error. Blausey v. U.S. Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009). The court must accept the bankruptcy court's findings of fact unless, upon review, it is left with "the definite and firm conviction that a mistake has been committed." In re Straightline Invs., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

---

staying the order of the bankruptcy court's order converting this case to Chapter 7 and appellants motion for a stay is **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

### III. ANALYSIS

In its appeal to this Court, appellant outlines two issues it claims justify overturning the bankruptcy court's decision to convert: (1) that the bankruptcy court lacked an adequate legal and factual basis for converting this case to a Chapter 7 proceeding; and (2) that allegedly unethical conduct by appellee should have precluded the bankruptcy court from considering the motion to convert. Brief for Appellant. The Court addresses each of these arguments in turn.

### A. Lack of Legal or Factual Basis for the Bankruptcy Court's Decision

Appellant asserts that the bankruptcy court lacked an adequate legal or factual basis for converting this case to a Chapter 7 proceeding. Under Chapter 11, upon request of a party in interest, a bankruptcy court shall either convert a case to Chapter 7 or dismiss it based on its determination of the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) enumerates a list of reasons or "causes" that may justify a bankruptcy court's decision to convert a case to Chapter 7. These causes include, *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"; "gross mismanagement of the estate"; and "failure . . . to file or confirm a plan" for reorganization. 11 U.S.C. § 1112(b)(4).

"The bankruptcy court is given wide discretion to convert a chapter 11 case to chapter 7 for cause, and an order for conversion is reviewed for an abuse of discretion." In re Greenfield Drive Storage Park, 207 B.R. 913, 916 (9th Cir. BAP 1997). "[T]he first step of our abuse of discretion test is to determine *de novo* whether the trial court identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, we must conclude it abused its discretion." United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If the trial court identified the correct legal rule to apply to the relief requested, the reviewing court must then determine whether the trial court's "resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." Id. at 1263; see also In re Hernandez, 483 B.R. 713, 719 (9th Cir. BAP 2012) (same).

Here, it is readily apparent that the bankruptcy court applied the correct legal rule when it determined to convert this case to Chapter 7. In its oral ruling, the bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
|---|---|---|---|
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

court referred to numerous facts in the record which align with the "cause" factors under section 1112. For example, one factor the bankruptcy court focused on was the likelihood that Salubrious could develop a source of income or, in other words, the likelihood of rehabilitation of the estate. See, e.g., Transcript of Oral Argument at 7:23-25 ("[The court has] a letter that says [appellant is] going to file and get a European patent, but that doesn't necessarily mean the patent will be monetized"). Moreover, the parties referred to section 1112 in their briefs in support of and in opposition to the motion to convert. See, e.g., Opp. to Mot. to Compel Conversion, at 3. Accordingly, the Court finds that the bankruptcy court applied the "cause" factors set forth under section 1112, which is the correct legal standard in ruling on a motion to convert.

Next, the Court looks to whether the bankruptcy court's "resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." In re YBA Nineteen, LLC, 505 B.R. at 302 (quoting U.S. v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009). The Court also notes that "[c]ause is a flexible standard, subject to the Court's discretion, and does not necessarily involve one or all of those factors set forth in Section 1112(b)(4)." Id., 505 B.R. 289 (S.D. Cal. 2014) (quoting In re Prods. Int'l Co., 395 B.R. 101, 107 (Bankr. D. Ariz. 2008)); see also In re Sullivan, 522 B.R. 604, 614 (9th Cir. B.A.P. 2014) ("The bankruptcy court has broad discretion in determining what constitutes "cause" under section 1112(b).").

In its motion to compel conversion, appellee alleged that Salubrious had acted in bad faith in filing under Chapter 11, that Salubrious had failed to make progress in a plan for reorganization, and that Salubrious had generally mismanaged its estate throughout the bankruptcy proceeding. Mot. to Compel Conversion at 2-3. Appellee cited several examples of mismanagement and delay throughout the course of the bankruptcy in its motion to compel conversion. See, e.g., Id. at 2 ("During the twelve months that . . . proceedings have been pending, not a single item of genuine substance has been accomplished by the Appellant . . ."); Id. at 3 ("[Appellant] has failed to name as Creditors the multiple other persons/entities who have delivered money to him . . ."). In particular, appellee noted Salubrious' failure to diligently pursue and obtain patents for its intellectual property. Id. at 3-4.

In opposition, Salubrious generally denied the existence of any cause for conversion, while declaring that it was indeed making progress on its plan for reorganization and its intention to monetize its intellectual property. Opp. to Mot. to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
|---|---|---|---|
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

Compel Conversion at 1-3 ("As with any company it make take a little time to see results, but the projections of knowledgeable parties are indicating a timely cash flow available to [appellant]"). It placed blame for its delays in preparing a plan for reorganization on the opposing parties' "expensive and time consuming lawsuits." Id. at 3. And, it argued that "special circumstances" existed which should preclude conversion, namely, that Salubrious expected to receive a European patent for its intellectual property in the near future. Id. at 4.

  Based on these submissions and the record before it, the bankruptcy court determined that conversion to Chapter 7 was warranted. At oral argument, the bankruptcy court noted that it was not satisfied that appellant had notified all of its creditors, a basic requirement of bankruptcy. Transcript of Oral Argument, Ex. K, at 7:2 ("Calling them on the phone is not notification. There's a legal mechanism for that"). The court was also not satisfied with appellant's failure to file a plan for reorganization in a timely manner. Id. at 7:22 ("[The court doesn't] have a plan"). Pursuant to 11 U.S.C. § 1112(b)(4)(J), the "failure . . . to file or confirm a plan" constitutes "cause" for conversion. In addition, the court was not persuaded by appellant's claim that issuance of a European patent was "imminent." Transcript at 7:24 ("I have a letter that says we're going to file and get the European patent, but that doesn't necessarily mean the patent will be monetized. How are you going to do that quickly? You don't even have any pharmaceutical companies saying we'll buy it."). The fact that Salubrious may not have been diligent in monetizing its primary asset—its intellectual property—suggests that there were reasons to believe that Salubrious would not become a solvent company. And, pursuant to 11 U.S.C. § 1112(b)(4)(A), "the absence of a reasonable likelihood of rehabilitation" may constitute cause for conversion. The court also expressed concern that Nelson, as the principal of Salubrious, may have been reporting his personal debt as the debt of Salubrious. Transcript at 19:15-24 ("I still saw no explanation or proof of the borrowing that happened by [Nelson] . . . and it would appear that possibly it's considered a debt of Salubrious as well"). This would support a finding of "gross mismanagement of the estate." See 11 U.S.C. § 1112(b)(4)(B). Finally, before granting the motion to convert, the bankruptcy court summarized its reasons as follows:

> You know, you're trying to make this work but you can't just file bankruptcy and . . . have your great plans be what carries you. There needs to be more. There needs to be proper notice to everybody. There needs to be proper explanation. There needs to be approval for borrowing. There needs to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

> something concrete that can be proposed in a reasonable time. I
> don't see any of this. . . . I think it needs to be in the hands of an
> impartial third party, so I am going to convert it to Chapter 7.

Transcript at 20-21. In light of this record, the Court finds that the bankruptcy court adequately based its decision on the relevant "cause" factors; in particular, the failure to file a plan, the lack of a reasonable likelihood of rehabilitation, and gross mismanagement of the estate.

Moreover, appellant has failed to show that the bankruptcy court based its decision on factual findings that were clearly in error. This Court reviews the bankruptcy court's conclusions of fact for clear error. Rand v. Rowland, 154 F.3d 952, 957 n.4 (9th Cir. 1998) (en banc) (Factual determinations and credibility conclusions are "reviewed deferentially"). Here, appellant has, for the most part, merely reiterated the superiority of its facts over those of appellee, without providing any "definite and firm conviction that a mistake has been committed" by the bankruptcy court. Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011). Appellant also states that it presented "proof of progress with [its] European patent" application to the bankruptcy court. Brief for Appellant at 13. Specifically, Salubrious submitted to the bankruptcy court two letters, dated June, 2015, from Salubrious' patent attorneys. Appellant's App'x, Ex. B, 42-43. However, these letters merely stated than an examiner was "working on [Salubrious'] application." Id. Salubrious also submitted a declaration from Nelson in which he stated that he had continuously and persistently worked towards obtaining a European patent. Id. at 53. However, none of this evidence suggests the European Patent Office was prepared to make a decision on Salubrious' application in the near future, let alone a decision in Salubrious' favor. Moreover, appellee submitted evidence of Salubrious' previous failures to obtain a patent in the United States. Therefore, the evidence in the record failed to support Salubrious' claim that issuance of a European patent was "imminent." Accordingly, the Court cannot find that the bankruptcy courts factual findings were clearly erroneous. See also Husain v. Olympic Airways, 316 F.3d 829, 835 (9th Cir. 2002) ("If the [lower court's] findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently").

Finally, district courts have routinely upheld the decisions of bankruptcy courts to convert a case from Chapter 11 to Chapter 7 for causes similar to those here. See In re Bronson, 610 Fed. App'x. 701, 702 (upholding a conversion where "[e]vidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

support[ed] the court's finding that there was no reasonable likelihood of a plan confirmation within a reasonable period"); In re YBA Nineteen, LLC, 505 B.R. 289 (S.D. Cal. 2014) (upholding a conversion where bankruptcy court found continuing diminution of the estate and a lack of likelihood of rehabilitation); Derivium Capital LLC v. U.S. Trustee, 05-37491 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (upholding a conversion order where debtor was found to be unreasonably late in making necessary filings).

For all of the foregoing reasons, the Court finds that the bankruptcy court's decision was based on a correct application of the law and was supported by numerous facts in the record. See In re Consol. Pioneer Mortg. Entities, 264 F.3d 803, 806-07 (9th Cir. 2001) (stating that a bankruptcy court's decision to convert a case to Chapter 7 "will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision."). Accordingly, there is no apparent basis to reverse the bankruptcy court's decision to convert this case to a Chapter 7 proceeding.

### B.  Appellee's Alleged Unethical Conduct

Appellant also argues that, throughout the bankruptcy proceeding, Salubrious' former attorney, John Sweeney, who is the appellee in this case, engaged in numerous acts of unethical conduct. In particular, appellant contends that it was unethical for Sweeney to have represented the creditors in this case, because this representation was adverse to the interests of Salubrious, Sweeney's former client. Appellant also alleges that Sweeney used privileged and confidential attorney-client communications in support of his motion to compel conversion. Appellant argues that, in light of this conduct, it was an error for the bankruptcy court to have even considered Sweeney's motion to compel conversion. Appellant's argument is unavailing

First, it is not clear that this a proper basis on which to challenge a bankruptcy court's decision to convert a case to Chapter 7. Appellant provides no authority that support the proposition that Sweeney's allegedly unethical conduct should have precluded the bankruptcy court from considering the motion to compel conversion. Moreover, appellant identifies, and the court has found, no case in which a bankruptcy court's order was overturned on the grounds that one of the attorneys in the bankruptcy proceeding was alleged to have behaved unethically.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

Appellant cites Gas-A-Tron of Arizona v. Union Oil Co. of Cal., 534 F.2d 1322 (9th Cir. 1976), in support of his argument. However, that case stands only for the proposition that an appellate court will not reverse a lower court's decision to disqualify an attorney if the record reveals a sound basis for that decision. Id. at 1325 ("[A]n order disqualifying counsel will not be disturbed if the record reveals any sound basis for the court's action."). Appellant also cites several cases addressing the court's power to remove an attorney for misconduct—*after a party makes a motion for such action.* However, here, appellant is not appealing a decision by the bankruptcy court not to disqualify Sweeney, nor does it appear that appellant even moved to disqualify Sweeney in the bankruptcy court.

In fact, because appellant failed to bring a motion to disqualify Sweeney, it is not clear that this issue of Sweeney's purportedly improper involvement in the bankruptcy proceeding is even properly before the Court. Pursuant to 28 U.S.C. § 158(a), a district court only has jurisdiction to hear appeals from final judgments, orders, or decrees of the bankruptcy court. See also In re Kashani, 190 B.R. 875, 882 ("To become final, a decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment"). Here, appellant argued in its opposition to the motion to compel conversion that Sweeney ought to be dismissed as counsel. Opp. to Mot. to Compel Conversion at 4. In addition, appellant raised the issue at oral argument. Transcript of Oral Argument at 24:5-7 ("Mr. Sweeney should . . . probably be disqualified from speaking here today."). However, the bankruptcy court did not rule on this issue, finding that appellant had not brought a motion to disqualify Sweeney, nor had it presented adequate evidence to support its allegation that Sweeney had made misrepresentations to the bankruptcy court. Id. at 24:8-10. ("[Appellant] didn't bring a motion. [Appellant] didn't provide evidence that what [Sweeney] was presenting was false"). Accordingly, appellant has not shown that it brought a motion at *any* time to disqualify Sweeney as counsel, nor has he shown that the bankruptcy court ever ruled on the issue of whether it was improper for Sweeney to participate in the bankruptcy proceeding. The Court, therefore, has no final order regarding this issue over which it has appellate jurisdiction. See 28 U.S.C. § 158(a).

Finally, appellant has not shown how the issue of attorney misconduct in any way affected the bankruptcy court's decision to convert this case to Chapter 7. Appellant repeatedly points to a letter submitted by Sweeney in support of his motion to compel conversion. Appellant alleges that this letter was covered by attorney-client privilege. However, even assuming this letter was privileged, at no point during the oral argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-07314-CAS | Date | February 10, 2016 |
|---|---|---|---|
| Title | SALUBRIOUS PHARMACEUTICALS, LLC v. PHARMO, LLC, et al | | |

regarding the motion to compel conversion was this letter even referred to by either the bankruptcy court or the parties. Accordingly, appellant has submitted scant evidence that Sweeney's alleged misconduct had any impact on his bankruptcy proceedings.

Therefore, the Court finds that the issue of appellees alleged misconduct does not warrant reversal of the bankruptcy court's decision to convert this case to Chapter 7—particularly given that, as already stated, the record in this case provided ample support for the bankruptcy court's decision.

## IV. CONCLUSION

For the reasons stated above, the judgment of the bankruptcy court is **AFFIRMED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |